[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE DEFENDANTS' MOTION TO DISMISS (#101) (#102)
This cause of action was filed in court on March 28, 1991. The two-count complaint dated March 25, 1991 alleged a breach of contract, fraud/misrepresentation. Plaintiffs' grievance arises out of the purchase of a lot #14 in a subdivision from the defendants on which the defendants built a home for plaintiffs' use. After the execution of the contract the defendants subdivided lot #13 abutting plaintiffs' lot, constructing or commencing construction of a road through the subdivided lot. Plaintiffs assert that as a result of the revision of the original subdivision they have sustained a diminution in value to their property.
They allege that construction of a road on lot #13 adjoining lot #14 which they purchased with reference to a map entitled "Final Plan, Strathmore Hills, Madison, Conn." is a violation of their warranty deed and further that the defendants made multiple representations, by words and acts, to the plaintiffs that lot #13 would be used as a building lot to induce the plaintiffs to purchase lot #14.
Defendants' appearance is dated April 24, 1991. Defendants filed a Motion To Dismiss (#101) on the same date seeking to dismiss plaintiffs' complaint asserting that plaintiffs were contractually obligated to arbitrate any disputes arising from the contract. On May 2, 1991 defendants filed a Supplemental Motion To Dismiss (#102) asserting that the complaint should be dismissed upon the additional ground that the complaint failed to contain a return date. Both of these grounds were argued before the court on May 20, 1991. On May 15, 1991 plaintiffs filed a request to amend the summons by inserting a return date of May 21, 1991. This motion was not calendared but the court agreed to and did consider it.
It is undisputed that the original process contained no CT Page 6463 return date and was therefore voidable unless corrected in accordance with C.G.S. 52-72. Granting the motion to amend would afford no relief to plaintiffs inasmuch as service of the amended summons and complaint could not be effected twelve days before the proposed return date of May 21, 199 1, 52-46, nor could process be returned six days before the proposed return date. 52-46a. Changing the proposed return date to May 28, 1991, the last date permissible under 52-48, would avail nothing to plaintiffs since this date would still be subject to the barriers raised by 52-46.
Accordingly defendants' Motion To Dismiss is granted on the ground that the complaint served upon the defendants failed to contain a return date.
DONALD T. DORSEY, JUDGE